UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRIAN L. PATRICK, | ) | CASE NO. 1:06 CV 0042 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| REGINALD WILKINSON, et al., | ) ) | AND ORDER |
| Defendants. | ) | |

On January 6, 2006, Plaintiff pro se Brian L. Patrick filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction Director Reginald Wilkinson, Mansfield Correctional Institution ("MANCI") Warden Ms. Bradshaw, MANCI Count Office Employee Officer Long, MANCI Unit 2 Manager Ms. Risinger, MANCI Rules Infraction Board ("RIB") Chairperson Lt. Iceman, MANCI RIB Panel Member Sgt. Berry, MANCI Unit 2 Case Manager Ms. Hunsinger, MANCI Unit 2 Case Manager Mr. Freed, MANCI Vault Officer Sgt. Shaw, and MANCI Corrections Officers John Does ## 1 and 2. In the Complaint, Plaintiff alleges the Defendants failed to prevent and protect him from an assault by another inmate. He seeks $ 100,000.00 in compensatory damages and $ 1,100,000.00 in punitive damages.

## *Background*

Mr. Patrick was stabbed with a "shank" by his cellmate, Paul Lucko on December 23, 2003. He contends he sustained over fifty cut or slash marks on his arms, neck, and chest. Both inmates were placed in the segregation unit until their respective RIB hearings on January 5, 2004.

At his RIB hearing, Mr. Patrick testified that his cellmate was schizophrenic and a self-proclaimed killer who threatened Mr. Patrick with comments like, "Don't go to sleep" or "Don't turn your back on me." (Compl. at 5c.) He informed the panel that his cellmate was taking psychiatric medications under the supervision of the prison's mental health department. Mr. Patrick described Mr. Lucko as a "dangerous and psychotic inmate."

Mr. Patrick and Mr. Lucko were released from segregation on January 5, 2004 after their RIB hearings and were assigned to live in the same housing pod. When they arrived together at the pod, both inmates spoke to Ms. Risinger and asked her to move one of them to another housing unit. Mr. Lucko warned Ms. Risinger "that if he or Patrick were not moved, there would be trouble." (Compl. at 5d.) Mr. Freed was also in the office at that time. Ms. Risinger advised Mr. Patrick that the RIB had to issue a separation order, and told Mr. Patrick to "hold tight" and stay away from his former cellmate. Approximately forty-five minutes later, Mr. Lucko crept up behind Mr. Patrick and stuck an ink pen 2.5 to 3 inches into Mr. Patrick's eye socket, fracturing the bone below Mr. Patrick's right eye. Mr. Lucko then began to beat Mr. Patrick with a combination lock while Mr. Patrick attempted to cover himself. Mr. Patrick contends that corrections officers John Doe ##1 and 2 witnessed the incident and failed to intervene. He was transported to the Ohio State University Medical Center, in Columbus, Ohio where a CAT scan and x-rays were taken of his head. Mr.

Patrick required several stitches and sustained permanent facial scars, blurred vision. severe migraine headaches, sinus problems, and psychological trauma.

Mr. Patrick asserts four claims arising under the Eighth Amendment. First, he states that the defendants failed to take adequate steps to protect him after the first attack by inmate Lucko. He then asserts that Mr. Wilkinson failed to hire adequate staff for the prison thereby making it possible for inmates to devise contraband weapons. He next claims that Mr. Wilkinson and Ms. Bradshaw did not provide adequately for cell searches which "caused inmates to make and store contraband weapons... ." (Compl. at 5f.) Finally, Mr. Patrick asserts Mr. Wilkinson and Ms. Bradshaw failed to adequately train prison personnel to prevent inmate attacks and to recognize and implement inmate separations when necessary.

## *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876. 878 (6th Cir. 1999); Brown v. Toombs. 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied. 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs. 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion

requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Mr. Patrick has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He attaches copies of an Informal Complaint Resolution two Notification of grievance forms, two Disposition of Grievance responses, two Appeal to Chief Inspector forms and two Decisions of the Chief Inspector. Each of these forms contains allegations pertaining to the second assault against Defendants Risinger, Freed, Hunsinger, and John Does ##

-4-

1 and 2. While it appears that Mr. Patrick completed the grievance process for his claims that these defendants were deliberately indifferent to the imminent danger of a second inmate assault, there is no indication that he submitted grievances and exhausted his administrative remedies for these claims against the remaining defendants. Furthermore, none of the grievances mentions the lack of cell searches, inadequate training and inadequate numbers of corrections officer. Mr. Patrick bears the burden of establishing exhaustion of administrative remedies for each claim against each defendant. Brown, 139 F.3d at 1104. He has not satisfied that burden.

The United States Sixth Circuit Court of Appeals has adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule. if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Plaintiff has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.[1]

   IT IS SO ORDERED.

                _/s/ Christopher A. Boyko_
                CHRISTOPHER A. BOYKO
                UNITED STATES DISTRICT JUDGE

**FILED**

MAR 29 2006

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[1] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.